UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
NOREDDY CORNIEL,

                              Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER JAMES
MARICONI SHIELD NO.: 13121, POLICE DETECTIVE
CHRISTIAN MCBREARTY SHIELD NO.: 07985,
POLICE OFFICER JONATHAN WALLY SHIELD NO.:
15799, POLICE DETECTIVE ANDRE MCNULTY
SHIELD NO.: 5008 AND POLICE OFFICERS JOHN
AND JANE DOES 1-4,

                              Defendants.
-----------------------------------------------------------------------X

CIVIL ACTION

*VERIFIED COMPLAINT*

JURY TRIAL DEMANDED

Index No. 16 cv 3584

Plaintiff, by his attorney, Jason L. Lopez, as and for his complaint hereby alleges as follows:

## Parties

1. Plaintiff NOREDDY CORNIEL presently resides and is domiciled in the State of New Jersey.

2. Upon information and belief defendant the CITY OF NEW YORK (hereinafter "City") is a municipal corporation domiciled in the State of New York.

3. Upon information and belief, defendant JAMES MARICONI SHIELD NO.: 13121, (hereinafter "Marconi") POLICE DETECTIVE CHRISTIAN MCBREARTY SHIELD NO.: 07985, (hereinafter "McBrearty") POLICE OFFICER JONATHAN WALLY SHIELD NO.: 15799 (hereinafter "Wally") POLICE DETECTIVE ANDRE MCNULTY (hereinafter "McNulty") AND POLICE OFFICERS JOHN AND JANE DOES 1-4 (hereinafter "John Does") reside and are domiciled in the State of New York.

## Jurisdiction -Venue

4.  This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of New York. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and §1343(a)(3)(4).

5.  Venue on this action lies in the Southern District of New York pursuant to 28 U.S.C. §1391 as the events giving rise to this action occurred in the Southern District.

## General Allegations of Fact

6.  Plaintiff presently resides in New Jersey.

7.  At all times relevant hereto, the City maintained, controlled and operated the New York City Police Department which is empowered under the laws of the State and City of New York to prevent, respond to and investigate crimes.

8.  Upon information and belief, at all times relevant hereto, Police Police Officer Mariconi, Police Detective McBrearty, Police Officer Wally and Police Detective McNulty were employed by the New York City Police Department. As such, at all times relevant hereto, Police Officer Mariconi, Police Detective McBrearty, Police Officer Wally and Police Detective McNulty possessed the authority under the color of law to make arrests, investigate crimes committed in the City of New York and file criminal complaints.

9.  Upon information and belief, at all times relevant hereto, John Does were employed by the New York City Police department as police officers. As such, Police Officer John Does possessed the authority under the color of law to make arrests, investigate crimes committed in the City of New York and file criminal complaints.

10. On March 8, 2012 plaintiff was lawfully at 541 West 180th Street, New York NY.

11. At said location, Plaintiff without probable cause was placed in handcuffs and transported to a Precinct controlled and operated by defendants.

12. Plaintiff, as a direct result of the criminal complaint sworn out by Defendant Detective McBrearty, was charged under New York County Docket No.: 2012NY019777 with one count of Criminal Sale of Marijuana in the Fourth Degree Penal Law §221.40, Criminal Possession of Marijuana Penal Law §221.10 and Unlawful Possession of Marijuana Penal Law §221.05.

13. Thereafter, Plaintiff attended several court appearances pertaining to New York County Docket No.: 2012NY019777. Ultimately, the case was dismissed and sealed on August 21, 2013.

14. On March 29, 2012 plaintiff was lawfully in the vicinity of Audobon Avenue and West 180th Street, New York, NY.

15. At said location, Plaintiff without probable cause was placed in handcuffs and transported to a Precinct controlled and operated by defendants.

16. Plaintiff, as a direct result of the criminal complaint sworn out by Defendant Police Officer Wally, was charged as Noreddy Corniel Martine under New York County Docket No.: 2012NY025093 with one count of Criminal Sale of Marijuana in the Fourth Degree Penal Law §221.40.

17. Thereafter, Plaintiff attended several court appearances pertaining to New York County Docket No.: 2012NY025093. Ultimately, the case was dismissed and sealed on May 15, 2013.

18. On September 21, 2012 plaintiff was lawfully in the vicinity of 540 West 180th Street, County of New York, NY.

19. At said location, Plaintiff without probable cause was placed in handcuffs and transported to a Precinct controlled and operated by defendants.

20. Plaintiff, as a direct result of the criminal complaint sworn out by Defendant Police Detective McNulty, was charged as Noreddy Corniel-artine Martine under New York County Docket No.: 2012NY074590 with one count of Criminal Sale of Marijuana in the Fourth Degree Penal Law §221.40, with one count of Criminal Sale of Marijuana in the Fifth Degree Penal Law §221.10, with one count of Unlawful Possession of Marijuana in the Fifth Degree Penal Law §221.05.

21. Thereafter, Plaintiff attended several court appearances pertaining to New York County Docket No.: 2012NY074590. Ultimately, the case was dismissed and sealed on August 21, 2013.

22. On February 4, 2013 plaintiff was lawfully at 541 west 180th Street, New York, NY.

23. At said location, Plaintiff without probable cause was placed in handcuffs and transported to a Precinct controlled and operated by defendants.

24. Plaintiff, as a direct result of the criminal complaint sworn out by Defendant Police Officer Mariconi, was charged as Noreddy Corniel Martinez under New York County Docket No.: 2013NY010089 with one count of Criminal Trespass in the Third Degree Penal Law §140.10(a).

25. Thereafter, Plaintiff attended several court appearances pertaining to New York County Docket No.: 2013NY010089. Ultimately, the case was dismissed and sealed on May 15, 2013.

## FIRST CAUSE OF ACTION
VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. §1983 AS A RESULT OF MALICIOUS PROSECUTION

26. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 25.

27. Upon information and belief, Defendants were directly and actively involved in the initiation and continuation of criminal proceedings against Plaintiff relating to his arrest on March 8, 2012.

28. Defendants lacked probable cause to initiate and continue criminal proceedings against Plaintiff relating to his arrest on March 8, 2012.

29. Defendants acted with malice in initiating and continuing a criminal proceeding against Plaintiff with respect to his March 8, 2012 arrest.

30. Upon information and belief, Defendants misrepresented and falsified evidence to the New York County District Attorney relating to the events surrounding Plaintiff's arrest on March 8, 2012 at the initiation and throughout all phases of the criminal proceeding maliciously lodged against Plaintiff.

31. Upon information and belief, Defendants did not make a complete and full statement of the events surrounding Plaintiff's arrest on March 8, 2012 to the New York County District Attorney at the initiation and throughout the criminal proceeding maliciously lodged against Plaintiff.

32. Upon information and belief, Defendants withheld exculpatory evidence from the New York County District Attorney regarding Plaintiff's arrest on March 8, 2012 at the initiation and throughout all phases of the criminal proceeding maliciously lodged against Plaintiff.

33. Upon information and belief, Defendants arrested and commenced criminal proceedings against Plaintiff to achieve objectives outside the legitimate means of the legal process.

34. Despite the above, the criminal proceeding against Plaintiff was dismissed and sealed on August 21, 2013.

35. As a result of the foregoing, Defendants deprived Plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments of the United States Constitution.

36. As a result of the foregoing, Defendants deprived Plaintiff of his liberty.

## SECOND CAUSE OF ACTION
## VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. §1983 AS A RESULT OF MALICIOUS PROSECUTION

37. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 36.

38. Upon information and belief, Defendants were directly and actively involved in the initiation and continuation of criminal proceedings against Plaintiff relating to his arrest on March 29, 2012.

39. Defendants lacked probable cause to initiate and continue criminal proceedings against Plaintiff relating to his arrest on March 29, 2012.

40. Defendants acted with malice in initiating and continuing a criminal proceeding against Plaintiff with respect to his March 29, 2012 arrest.

41. Upon information and belief, Defendants misrepresented and falsified evidence to the New York County District Attorney relating to the events surrounding Plaintiff's arrest on March 29, 2012 at the initiation and throughout all phases of the criminal proceeding maliciously lodged against Plaintiff.

42. Upon information and belief, Defendants did not make a complete and full statement of the events surrounding Plaintiff's arrest on March 29, 2012 to the New York County District Attorney at the initiation and throughout the criminal proceeding maliciously lodged against Plaintiff.

43. Upon information and belief, Defendants withheld exculpatory evidence from the New York County District Attorney regarding Plaintiff's arrest on March 29, 2012 at the initiation and throughout all phases of the criminal proceeding maliciously lodged against Plaintiff.

44. Upon information and belief, Defendants arrested and commenced criminal proceedings against Plaintiff to achieve objectives outside the legitimate means of the legal process.

45. Despite the above, the criminal proceeding against Plaintiff was dismissed and sealed on May 15, 2013.

46. As a result of the foregoing, Defendants deprived Plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments of the United States Constitution.

47. As a result of the foregoing, Defendants deprived Plaintiff of his liberty.

### THIRD CAUSE OF ACTION
### VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. §1983 AS A RESULT OF MALICIOUS PROSECUTION

48. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 47.

49. Upon information and belief, Defendants were directly and actively involved in the initiation and continuation of criminal proceedings against Plaintiff relating to his arrest on September 21, 2012.

50. Defendants lacked probable cause to initiate and continue criminal proceedings against Plaintiff relating to his arrest on September 21, 2012.

51. Defendants acted with malice in initiating and continuing a criminal proceeding against Plaintiff with respect to his September 21, 2012 arrest.

52. Upon information and belief, Defendants misrepresented and falsified evidence to the New York County District Attorney relating to the events surrounding Plaintiff's arrest on September 21, 2012 at the initiation and throughout all phases of the criminal proceeding maliciously lodged against Plaintiff.

53. Upon information and belief, Defendants did not make a complete and full statement of the events surrounding Plaintiff's arrest on September 21, 2012 to the New York County District Attorney at the initiation and throughout the criminal proceeding maliciously lodged against Plaintiff.

54. Upon information and belief, Defendants withheld exculpatory evidence from the New York County District Attorney regarding Plaintiff's arrest on September 21, 2012 at the initiation and throughout all phases of the criminal proceeding maliciously lodged against Plaintiff.

55. Upon information and belief, Defendants arrested and commenced criminal proceedings against Plaintiff to achieve objectives outside the legitimate means of the legal process.

56. Despite the above, the criminal proceeding against Plaintiff was dismissed and sealed on August 21, 2013.

57. As a result of the foregoing, Defendants deprived Plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments of the United States Constitution.

58. As a result of the foregoing, Defendants deprived Plaintiff of his liberty.

## FOURTH CAUSE OF ACTION
### VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. §1983 AS A RESULT OF MALICIOUS PROSECUTION

59. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 58.

60. Upon information and belief, Defendants were directly and actively involved in the initiation and continuation of criminal proceedings against Plaintiff relating to his arrest on February 4, 2013.

61. Defendants lacked probable cause to initiate and continue criminal proceedings against Plaintiff relating to his arrest on February 4, 2013.

62. Defendants acted with malice in initiating and continuing a criminal proceeding against Plaintiff with respect to his February 4, 2013 arrest.

63. Upon information and belief, Defendants misrepresented and falsified evidence to the New York County District Attorney relating to the events surrounding Plaintiff's arrest on February 4, 2013 at the initiation and throughout all phases of the criminal proceeding maliciously lodged against Plaintiff.

64. Upon information and belief, Defendants did not make a complete and full statement of the events surrounding Plaintiff's arrest on February 4, 2013 to the New York County District Attorney at the initiation and throughout the criminal proceeding maliciously lodged against Plaintiff.

65. Upon information and belief, Defendants withheld exculpatory evidence from the New York County District Attorney regarding Plaintiff's arrest on February 4, 2013 at the

initiation and throughout all phases of the criminal proceeding maliciously lodged against Plaintiff.

66. Upon information and belief, Defendants arrested and commenced criminal proceedings against Plaintiff to achieve objectives outside the legitimate means of the legal process.

67. Despite the above, the criminal proceeding against Plaintiff was dismissed and sealed on May 15, 2013.

68. As a result of the foregoing, Defendants deprived Plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments of the United States Constitution.

69. As a result of the foregoing, Defendants deprived Plaintiff of his liberty

**FIFTH CAUSE OF ACTION**
MUNICIPAL LIABILITY/MONELL CLAIM PURSUANT TO 42 U.S.C. §1983

70. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 69.

71. Defendants arrested, incarcerated and subjected Plaintiff to the aforementioned criminal proceeding in the absence of any evidence of criminal wrongdoing knowing that such actions would violate Plaintiff's constitutional rights, deprive him of his liberty and negatively impact his well-being.

72. The Defendants carried out the acts complained of in their official capacities as members of the New York City Police Department under the color of law pursuant to the customs, policies, practices, procedures and rules of the City of New York and New York City Police Department under the supervision of their superiors.

73. Upon information and belief, the customs, policies, practices, procedures and rules of the City of New York and New York City Police Department that the Defendants followed include but are not limited to the following:

    i. fabricating evidence against innocent persons falsely arrested during alleged narcotics investigations

    ii. falsely arresting individuals and subjecting them to criminal proceedings despite credible evidence which exonerates the accused individual of any criminal activity

74. The aforementioned unconstitutional customs, policies, practices, procedures and rules of the City of New York and New York City Police Department may be inferred from similar repeated wrongful conduct documented in previous civil rights claims filed against the City of New York including but not limited to the following:

- *Diaz v. City of New York*, United States District Court, Southern District of New York, 08CV6399

- Richardson v. City of New York, United States District Court, Eastern District of New York, 05CV2375

- Stewart v. City of New York, United States District Court, Eastern District of New York, 05CV2375

- *Douglas v. City of New York*, United States District Court, Southern District of New York, 03CV6475

- Flood v. City of New York, United States District Court, Southern District of New York, 03CV10313

75. The aforementioned unconstitutional customs, policies, practices, procedures and rules of the City of New York and New York City Police Department presented a deliberate indifference to the safety and well-being of Plaintiff and served to violate Plaintiff's constitutional rights as alleged above.

76. The aforementioned unconstitutional customs, policies, practices, procedures and rules of the City of New York and New York City Police Department empowered and motivated the Defendants to violate Plaintiff's constitutional rights as previously alleged.

77. As a result of aforementioned unconstitutional customs, policies, practices, procedures and rules of the City of New York and New York City Police Department Plaintiff was wrongfully and maliciously subjected to a criminal proceeding as previously alleged in violation of his constitutional rights.

## SIXTH CAUSE OF ACTION
### DENIAL OF CONSTUTIONAL RIGHT TO FAIR TRIAL PURSUANT TO 42 U.S.C. §1983

78. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 77.

79. Upon information and belief, Defendants misrepresented and created false evidence against Plaintiff.

80. Upon information and belief, Defendants communicated misrepresented and false evidence to members of the New York County District Attorney's office that caused the initiation of the aforementioned criminal proceeding against Plaintiff relating to his March 8, 2012, March 29, 2012, September 21, 2012 and February 4, 2013 false arrests.

81. Upon information and belief, Defendants maintained that the misrepresented and false evidence was true throughout all phases of the criminal proceeding against Plaintiff relating to his March 8, 2012, March 29, 2012, September 21, 2012 and February 4, 2013 false arrests.

82. As a result of the aforementioned, Defendants violated Plaintiff's constitutional rights to a fair trial under the due process clause of the Fifth Amendment and Fourteenth Amendment of the United States Constitution.

## GENERAL DAMAGE

83. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 82.

84. As a result of the actions and inactions of the defendants set forth herein, the plaintiff was caused to incur a violation of his civil and constitutional rights.

85. As a result of the actions of the defendants set forth herein, the plaintiff was caused to sustain shock, embarrassment, humiliation, and fear that prevents the plaintiff from engaging in and enjoying ordinary daily activities, nervousness, anxiety and stress. As such, the plaintiff seeks damages in the amount of five hundred thousand dollars ($500,000.00).

86. This action falls within one of the exceptions set forth in C.P.L.R. Article 16.

## PUNITIVE DAMAGES

87. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 86.

88. The defendants actions as set forth herein rise to a level of wanton, reckless, malicious and intentional disregard of the plaintiffs civil and constitutional rights and as such the plaintiff herein requests that this court impose punitive damages as a result of said actions

## SPECIAL DAMAGES

89. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 78.

90. Plaintiff seeks to recover reasonable attorneys fees and costs associated with the prosecution of this civil action pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** plaintiff demands judgment against the defendants for the amount in excess of the jurisdictional limits of the Court together with attorney's fees, interest, costs, and such other relief as the court may deem appropriate.

Dated: New York, NY
      May 13, 2016

                                            LAW OFFICE OF JASON LOPEZ
                                            By: JASON L. LOPEZ

                                            _____
                                            *Attorneys for Plaintiff*
                                            325 Broadway, Suite 404
                                            New York, NY 10007
                                            (212) 964-4144

## VERIFICATION

1. I JASON L. LOPEZ am an attorney dully licensed to practice law in the courts of the State of New York and hereby affirm the following under the penalty of perjury pursuant to C.P.L.R. §2106.

2. I am the attorney for NOREDDY CORNIEL the plaintiff in the annexed referenced action and as such I am fully aware of the fact and circumstances regarding the allegations contained in the complaint and know the contents of the same to be true to the best of my knowledge other than those matters stated to be upon information and belief of which I believe the same to be true.

3. This verification is being executed by me as the plaintiff resides outside of the county where I maintain my law offices and the Complaint is being verified.

Dated: New York, NY
       May 13, 2016

_____
JASON L. LOPEZ ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NOREDDY CORNIEL,

                        Index No. 16 CV 3584

        Plaintiff,

  -against-

THE CITY OF NEW YORK, POLICE OFFICER JAMES
MARICONI SHIELD NO.: 13121, POLICE DETECTIVE
CHRISTIAN MCBREARTY SHIELD NO.: 07985,
POLICE OFFICER JONATHAN WALLY SHIELD NO.:
15799, POLICE DETECTIVE ANDRE MCNULTY
SHIELD NO.: 5008 AND POLICE OFFICERS JOHN
AND JANE DOES 1-4,

        Defendants.
------------------------------------------------------------------------X

## SUMMONS & VERIFIED COMPLAINT

LAW OFFICE OF JASON LOPEZ
325 Broadway, Suite 404
New York, NY 10007
(212) 964-4144

The undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: MAY 13, 2016

                                                    Jason L. Lopez

Service of the within is hereby admitted
Dated:

                                                      Attorney(s) for